# Richmond

## Checkered Flag Motor Car Company, Inc. v. Ivan L. Grulke, T/A, Etc.

December 6, 1968.

Record No. 6763.

Present, All the Justices.

*Morris H. Fine* (*Fine, Fine, Legum & Fine*, on brief), for plaintiff in error.

No brief or argument for defendant in error.

CARRICO, J., delivered the opinion of the court.

Checkered Flag Motor Car Company, Inc., the plaintiff, instituted an action in detinue against Ivan L. Grulke, trading as Ivan's Body Shop, the defendant, seeking to recover possession of a 1966 MG Midget automobile. The plaintiff alleged that it was owed $1846.75 under a defaulted conditional sales contract on the vehicle, that it had a lien on the title thereto, and that the vehicle had been placed by the contract purchaser with the defendant for repair. The defendant filed grounds of defense asserting that he was entitled to a lien against the vehicle for storage. He later filed a pleading asserting a claim for the value of parts placed on the vehicle.

The trial court awarded possession of the automobile to the plaintiff but entered judgment in favor of the defendant against the plaintiff in the sum of $585.21. The plaintiff was granted a writ of error to the judgment so entered against it.

The evidence shows that the plaintiff and Ronald W. Kleinman and his wife entered into a conditional sales agreement whereby the plaintiff sold and the Kleinmans purchased the automobile in question. Under the terms of the agreement, title was reserved in the plaintiff pending payment of the purchase price in full.

The plaintiff assigned the conditional sales agreement to the First National Bank of Norfolk. The assignment, set forth on the face of the agreement, provided that the plaintiff would repurchase the vehicle in event of default by the Kleinmans. The lien arising from the conditional sales agreement was recorded on the certificate of title issued by the Division of Motor Vehicles.

Following these transactions, the automobile was wrecked. Kleinman made arrangements with the defendant to repair the vehicle, which was then stored at Hank's Body Shop. The defendant paid Hank's $44.00 for storage, removed the vehicle to his own place of business, and undertook to repair it, completing the repairs several months later.

Meanwhile, the Kleinmans defaulted in payment of the conditional sales agreement, and Kleinman advised the bank that the vehicle was located at the defendant's place of business. A representative of the

bank contacted the defendant and demanded possession of the vehicle, but the defendant refused to release it unless his repair bill was paid.

The bank then called upon the plaintiff to pay the balance due as required by the terms of the assignment of the conditional sales agreement. The plaintiff did so, and the conditional sales agreement was reassigned to it. This action followed.

The judgment of $585.21 awarded by the trial court against the plaintiff was made up of the $44.00 for storage paid Hank's Body Shop by the defendant, $242.00 for storage claimed by the defendant, and $299.21 for the repair of the vehicle by the defendant.

The plaintiff's assignments of error present the sole question of the relative priority of the claims asserted by the plaintiff and the defendant.

The resolution of the question before us requires an examination and analysis of the several statutes cited to us by the parties to this controversy.

Code, § 46.1-73 deals with the priority of a lien shown on the certificate of title to a motor vehicle. The Code section reads as follows:

"§ 46.1-73. *Priority of security interests shown on certificates.*— The security interests, except security interests in motor vehicles, trailers and semitrailers which are inventory held for sale and are perfected under §§ 8.9-301 to 8.9-407, shown upon such certificates of title issued by the Division pursuant to applications for same shall have priority over any other liens or security interests against such motor vehicle, trailer or semitrailer, however created and recorded, except that lien of mechanics for repairs to the extent of seventy-five dollars given by § 43-33 if the requirements therefor exist, provided the mechanic furnishes the holder of any such recorded lien who may request it with an itemized sworn statement of the work done and materials supplied for which the said lien is claimed. (Code 1950, § 46-73; 1958, c. 541; 1966, c. 558.)"

A garageman is given a lien for storage by Code, § 43-32, which provides as follows:

"§ 43-32. *Lien of keeper of livery stable, garage, etc.*—Every keeper of a livery stable or garage, and every person pasturing or keeping any horses or other animals, vehicles, or harness, shall

have a lien upon such horses and other animals, vehicles, and harness, for the amount which may be due him for the keeping, supporting and care thereof, until such amount is paid. (Code 1919, § 6445.)"

A mechanic is given a lien for repairs by Code, § 43-33, which is worded as follows:

"§ 43-33. *Lien of mechanic for repairs.*—Every mechanic, who shall alter or repair any article of personal property at the request of the owner of such property, shall have a lien thereon for his just and reasonable charges therefor and may retain possession of such property until such charges are paid.

"And every mechanic, who shall make necessary alterations or repairs on any article of personal property which from its character requires the making of ordinary repairs thereto as a reasonable incident to its reasonable and customary use, at the request of any person legally in possession thereof under a reservation of title contract, chattel mortgage, deed of trust, or other instrument securing money, the person so in possession having authority to use such property, shall have a lien thereon for his just and reasonable charges therefor to the extent of seventy-five dollars, and may retain possession of such property until such charges are paid. In any action to enforce the lien hereby given all persons having an interest in the property sought to be subjected shall be made parties defendant. (Code 1919, § 6443; 1924, p. 638; 1956, c. 558; 1966, c. 458.)"

Both parties rely upon the provisions of Code, § 8.9-310, a part of the Uniform Commercial Code, in support of their respective positions. That Code section provides:

"§ 8.9-310. *Priority of certain liens arising by operation of law.* —When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise. (1964, c. 219.)"

In the Virginia Comment to Code, § 8.9-310, it is stated:

"Code 1950, § 43-33 gives a mechanic a possessory lien for his repairs. However, the Virginia statute further states that where the property is subject to a prior encumbrance the mechanic shall have a lien for only $50.00 [now $75.00]. The UCC gives the possessory lienor (mechanic) a priority over the prior security interest without limitation as to amount 'unless (the mechanic's) lien is statutory and the statute expressly provides oherwise.' It would seem that the UCC does not supersede the existing scheme of Virginia statutory priority between prior encumbrancers and mechanics because by simultaneously creating and limiting the mechanic's lien (where a prior encumbrance is involved) in the amount of $50.00 [now $75.00], the Virginia statute, by indirect but forceful means, has accomplished the same purpose as if it had 'expressly provided otherwise' as required by the UCC. The Virginia statute giving a garageman a lien, Code 1950, § 43-32, does not contain any provision regarding priorities, and so the UCC operates to give the garageman a priority without limitation in regard to other secured parties."

We agree with that portion of the Comment relating to the lien of a mechanic for repairs. We disagree, however, with that portion dealing with the lien of a garageman for storage, insofar as such latter portion is intended to apply to a situation where there is a security interest shown on the certificate of title to a motor vehicle.

■ Code, § 43-33, giving a mechanic a lien for repairs, limits the amount of such lien to $75.00 where there is "a reservation of title contract, chattel mortgage, deed of trust, or other instrument securing money" upon the property involved. That limitation is an effective provision fixing the priority between a lien for repairs and one of the listed encumbrances otherwise than is provided by Code, § 8.9-310. Except for the $75.00 statutory amount, Code, § 43-33 places the lien for repairs in inferior position to that occupied by the encumbrance on the property.

Code, § 43-32, giving a garageman a lien for storage, does not, as the Comment states, contain any provision regarding priorities. But Code, § 46.1-73, a part of the Motor Vehicle Code, contains specific provision with respect to the priority of a lien shown on the certificate of title to a motor vehicle and is, in our opinion, controlling as to the priority of such a lien over a storage lien as well as, to a limited extent, a repair lien claimed against such vehicle.

■ Code, § 46.1-73 provides that the security interest, which in-

cludes a conditional sales agreement such as is involved here (Code, § 8.1-201), shown on the certificate of title to a motor vehicle "shall have priority over any other liens or security interests against such motor vehicle . . . however created and recorded," except the $75.00 statutory amount for liens for repairs. The language "shall have priority over any other liens" is obviously broad enough to include storage liens and necessarily subordinates such latter liens to a lien shown on a certificate of title.

 Code, § 46.1-73 was amended and re-enacted in 1966, the same year the Uniform Commercial Code became effective. The changes in some respects conformed the language of the Code section to that of the Uniform Commercial Code and also increased the amount of the limited lien for repairs from $50.00 to $75.00, to coincide with a similar increase in Code, § 43-33. But the basic principle of the priority of liens shown on certificates of title to motor vehicles over "any other liens," except the limited repair lien, was retained intact. Thus, the amendments clearly demonstrated that adoption of the Uniform Commercial Code was not intended to affect the priority of liens with respect to motor vehicles established by Code, § 46.1-73.

We hold that the lien of the plaintiff's conditional sales agreement was entitled to priority over the claims asserted by the defendant, except to the extent of the $75.00 statutory amount for repairs. The defendant was offered the statutory amount when the bank demanded possession from him of the vehicle in question, and he refused the offer. The plaintiff also filed a certified check in that amount payable to the defendant when it instituted the present action in detinue.

 The plaintiff now contends that the defendant waived his right to the $75.00 statutory amount during the course of trial in the court below. We find that contention to be without merit. All the defendant said was that he was claiming the full amount which he asserted to be due, and not just the lesser statutory amount he had been offered.

The judgment appealed from will be modified to reduce the amount thereof from $585.21 to $75.00 and, as modified, will be affirmed. The plaintiff, having substantially prevailed, will be entitled to its costs.

*Modified and affirmed.*