**MUNICIPAL EQUIPMENT CO., Appellant,**

v.

**BUTCH & SON DEEP ROCK, Appellee.**

**No. 54478.**

Supreme Court of Iowa.

April 9, 1971.

Neiman, Neiman, Stone & Spellman, Des Moines, for appellant.

Nelson, Vasey & Cahill, Nevada, for appellee.

LeGRAND, Justice.

This case was tried on stipulated facts to determine which of two innocent parties is entitled to possession of a truck upon which plaintiff held a conditional sale contract and on which defendant claims a lien for services performed and material furnished in the improvement and enhancement thereof. Both are the victims of one Floyd L. McGrew, the owner of the vehicle, who defaulted on the conditional sales contract and who refused to pay defendant for the work he had ordered on the truck.

The agreed facts important to this appeal are quite brief. Plaintiff sold McGrew a truck under a conditional sales contract. Payments were in default when McGrew requested defendant to install a new motor in the vehicle. Defendant did so. Neither his work nor his price is challenged. Plaintiff brought a replevin action, posted bond, and obtained possession from defendant, who was holding the truck for payment of his bill. The sole question before us is: Which of these two is entitled to possession of the vehicle?

The trial court found in favor of defendant, holding he had an artisan's lien under section 577.1, The Code, 1966, which was superior to plaintiff's rights under the conditional sales contract. We reverse.

The trial court entered judgment providing in the alternative for delivery of the motor and accessories to defendant or payment to him of $392.06, the reasonable value of the material furnished and services rendered in repairing the truck. The amount involved is less than the jurisdictional amount for appeal. The case is here on certificate of the trial court that it raises issues we should decide. Rule 333, Rules of Civil Procedure.

It is clear defendant must succeed, if at all, by virtue of his artisan's lien under chapter 577, The Code, although he argues that he does not rely on such a lien. He claims protection under the Uniform Commercial Code, particularly section 554.9314, The Code, dealing with accessions. However, in his answer to plaintiff's petition defendant asserted "a lien upon the goods given by statute for services and materials rendered with respect to these goods." We are convinced any lien defendant has is afforded by section 577.1, The Code.

While the trial court made no detailed findings of fact, apparently its decision was based on a similar conclusion. We believe this was right but hold the trial court erred in giving the artisan's lien priority over plaintiff's conditional sales contract.

I. The parties agree plaintiff's lien on the vehicle was perfected under section 321.50, which provides in part:

"1. A security interest in a [motor] vehicle subject to registration under the laws of this state * * * is perfected by the delivery to the county treasurer of the county where the certificate of title is issued * * * of an application for certificate of title which lists such security interest, or an application for a notation of security interest signed by the owner, * * * *"

■ Having satisfied section 321.50, plaintiff was not required to comply with

section 554.9302(3) (b) and (4) dealing with the perfection of security interests generally. This section specifically excludes motor vehicle liens (with certain exceptions not applicable here) from its terms. When the vehicle was delivered to the defendant to install a new motor, plaintiff's lien had attached and was perfected. By furnishing materials and performing work on the vehicle, defendant, too, obtained a lien thereon. We have already determined his lien was created by section 577.1, The Code, in the following language:

"Any person who renders any service or furnishes any material in the making, repairing, improving or enhancing the value of any inanimate personal property, with the assent of the owner, express or implied, shall have a lien thereon for the agreed or reasonable compensation for his service and material while such property is lawfully in his possession, which possession he may retain until such compensation is paid, *but such lien shall be subject to all prior liens of record, unless notice is given to all lien-holders of record and written consent is obtained from all lien-holders of record to the making, repairing, improving or enhancing the value of any inanimate personal property and in this event the lien created under this section shall be prior to liens of record.*" (Emphasis supplied.)

The emphasized portion of this statute explicitly makes defendant's lien subject to the perfected lien of plaintiff unless defendant had given notice and secured plaintiff's permission to make the repairs. The parties stipulated this was not done.

If there were still any doubt about defendant's subordinate position, it is dispelled by section 554.9104 which provides:

"This Article [article 9 on secured transactions] does not apply

(a) * * *

(b) * * *

(c) to a lien given by statute or other rule of law for services or materials except as provided in section 554.9310 on priority of such liens. * * * "

In volume 35B Iowa Code Annotated, this comment appears immediately following section 554.9104:

"Article 9 does not apply to the following security interests created by Iowa law:

" * * * Artisan's lien. I.C.A. Chapter 577."

The reference in the foregoing statute to section 554.9310 makes it necessary to consider that provision also. It says:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest *unless the lien is statutory and the statute expressly provides otherwise.*" (Emphasis added.)

Again referring to the comment in 35B Iowa Code Annotated, we find this at page 442:

"The artisan's lien is expressly subject to all prior liens of record, but, as amended, will be prior to liens of record *if notice is given to all record lien-holders and their written consent obtained for the services performed.*" (Emphasis added.)

This is the first occasion we have had to consider the impact of the Uniform Commercial Code on the priorities among lien holders under the circumstances existing here. However, other courts have faced the problem and have generally disposed of it on the wording of the particular lien statutes under which the artisan's claim is made.

■ Where, as here, the statute (section 577.1) expressly provides the terms under which the artisan shall take precedence over other perfected security interests, those terms must be met or the artisan fails. Bond v. Dudley, 244 Ark. 568, 426

N.W.2d 780, 781; Checkered Flag Motor Car Co. v. Grulke, 209 Va. 427, 164 S.E.2d 660, 662–663; Decker v. Aurora Motors, Inc., (Alaska) 409 P.2d 603, 607; Commonwealth Loan Co. v. Berry, 2 Ohio St. 2d 169, 207 N.E.2d 545, 546.

As illustrative of cases reaching a contrary result because of different lien statutes, see Westlake Finance Co. v. Spearmon, 64 Ill.App.2d 342, 213 N.E.2d 80, 82; Gables Lincoln-Mercury, Inc. v. First Bank and Trust Co., Fla.App., 219 So.2d 90, 92–93.

See also annotation in 30 A.L.R.3d 9, 89 (section 29) and discussion in I Gilmore, Security Interests in Personal Property, section 10.4, page 305 and section 10.7, page 312, and II Gilmore, Security Interests in Personal Property, section 33.3, page 875, and section 33.5, page 886.

We recapitulate briefly:

(1) Plaintiff's lien had been perfected under section 321.50 before defendant furnished material or rendered service in the improvement of the vehicle;

(2) Defendant's artisan's lien is made subject to plaintiff's conditional sale contract by the specific terms of section 577.1, The Code;

(3) Under sections 554.9104 and 554.-9310 defendant's lien under section 577.1 is excluded from the protection of Article 9 of the Uniform Commercial Code, which is found in The Code, 1966, as Uniform Commercial Code—Secured Transactions. (section 554.9101 et seq.);

(4) Under the record here section 554.-9314 on accessions has no application because no security interest as defined in section 554.9204 ever attached in favor of defendant.

It follows that plaintiff's right to possession of the truck under its conditional sales contract is superior to that of defendant under its artisan's lien. By stipulation of the parties this is the only issue before us.

We reverse the trial court and hold plaintiff is entitled to retain possession of the truck which it obtained under a Writ of Replevin. Costs are assessed against defendant.

Reversed.

All Justices concur.