COMMONWEALTH LOAN CO., APPELLEE, *v.* BERRY; DOWNTOWN LINCOLN-MERCURY CO., APPELLANT.

(No. 38823—Decided May 19, 1965.)

*Mr. Marvin J. Barsman,* for appellee.
*Mr. Lee B. Kasson, Jr.,* for appellant.

BROWN, J. The pertinent section of the Uniform Commercial Code is Section 1309.29, Revised Code, effective July 1, 1962, which provides:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in possession of such

person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.''

The lien referred to in Section 1309.29, Revised Code, is the artisan's lien. The artisan's lien prior to the enactment of Section 1333.41, Revised Code, was a common-law lien. That section makes the artisan's lien a statutory lien but expressly excludes motor vehicles from its operation. It follows that the artisan's lien to the extent that it affects motor vehicles is still a common-law lien and, hence, does not fall within the exception in Section 1309.29, Revised Code.

The language of Section 4505.13, Revised Code, specifically makes a security agreement conveying a security interest in an automobile, if a notation of such instrument has been made by the Clerk of the Court of Common Pleas on the face of the certificate of title, valid against other lienholders.

There is an apparent conflict as to the priority of the liens under the subject statutes. However, the General Assembly by expressly eliminating motor vehicles from the provisions of Section 1333.41, Revised Code, by expressly excepting motor vehicles from the required filing to protect a security interest in Section 1309.21 (C) 2, Revised Code, and by the amendments of Section 4505.13, Revised Code, the specific statute which deals with motor-vehicle liens and which states that a lien noted upon the certificate shall be valid against other liens, has made it clear that the enactment of the Uniform Commericial Code was not intended to alter the well established law of Ohio as to the priority of liens upon motor vehicles.

A special statutory provision which relates to a specific subject matter is controlling over a general statutory provision which might otherwise be applicable. *Andrianos* v. *Community Traction Co.*, 155 Ohio St. 47.

We conclude, as did the Court of Appeals, that the specific priority provided in Section 4505.13, Revised Code, prevails over the general provision of Section 1309.29, Revised Code.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.