219 So.2d 90 (1969)
GABLES LINCOLN-MERCURY, INC., a Florida Corporation, Appellant,
v.
FIRST BANK AND TRUST COMPANY OF BOCA RATON, a National Banking Corporation, Appellee.
No. 68-603.
District Court of Appeal of Florida. Third District.
February 11, 1969.
Rehearing Denied March 12, 1969.
*91 R.D. Maxwell, Jr., H.B. Cagle, and L.L. Robinson, Miami, for appellant.
Joseph I. Davis, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
CHARLES CARROLL, Chief Judge.
This is an appeal by the defendant below from an adverse judgment in replevin. The determinative question is whether a garageman's lien for repairs on an automobile has priority over an existing security interest represented by a retain title contract.
On January 25, 1968, the appellee First Bank and Trust Company of Boca Raton filed an action against the appellant Gables Lincoln-Mercury, Inc. in the civil court of record of Dade County, to acquire possession of an automobile held by the latter. A writ of replevin was issued and executed. The automobile was a 1963 Lincoln, upon which the plaintiff placed a value of $1,097.80. The defendant answered, claiming a superior right to possession as a lienor for repairs.[1]
*92 The automobile had been purchased from Delray Motors, Inc. on May 25, 1967, for $2,070.62. Credit was extended for a balance of $1,437.36, covered by a retain title contract. The seller received the credit balance from the appellee bank to whom it assigned the contract. At the time suit was filed the unpaid balance thereunder was $1,097.80. The foregoing facts and the parties' contentions were presented in affidavits supporting and opposing the motion of the plaintiff bank for summary judgment. The bank's motion was granted, and based thereon final judgment was entered in favor of the plaintiff, from which judgment the defendant appealed.
Prior to January 1, 1967, the date when the Uniform Commercial Code became effective in the law of Florida, it had been held that such an existing security interest was superior to a subsequently acquired garageman's lien for repairs. See Richardson Tractor Co. v. Square Deal Mach. & Sup. Co., Fla.App. 1963, 149 So.2d 388; Dade National Bank of Miami v. University Transfer & Storage, Inc., Fla.App. 1963, 151 So.2d 868.
All transactions in this matter occurred after January 1, 1967, and therefore the provision of the Uniform Commercial Code relating to priorities (§ 679.9-310 Fla. Stat., F.S.A.) is pertinent here.[2]
Under that statutory provision it is apparent that a garageman's lien is entitled to prevail over such an existing security interest when the statute which confers the former does not expressly provide otherwise.
The lien held by the garageman in this instance is one provided for under Chapter 713, Part II, Fla. Stat., F.S.A., entitled "Miscellaneous Liens." Section 713.50 thereof reads: "Liens prior in dignity to all others accruing thereafter shall exist in favor of the following persons, upon the following described property, under the circumstances hereinafter mentioned in part II of this chapter, to wit:" Among the liens provided for thereunder in subsequent sections of the statute is one "in favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed." § 713.58.
Following the listing of the liens conferred by the statute for labor, services and materials furnished under a variety of circumstances, there is a section entitled "Priority of foregoing liens" (§ 713.73), which reads as follows:
"Liens for labor and liens for material provided for by this law shall take priority among themselves according to the times that the notices required to create such liens respectively were given or were recorded in the cases where record is required; that is to say, each such lien which shall have attached to the property shall be paid before any such lien which shall have subsequently attached thereto, shall be entitled to be paid."
It is obvious that the last above quoted statutory provision, dealing with priorities of liens, has no bearing on this case, since it has reference to priorities among liens for labor and material which are provided for by that chapter, and the lien relied upon by the bank is not one created or provided for therein, but is a contract lien.
Appellant argues, and we agree, that under the express provision of § 679.9-310 Fla. Stat., F.S.A. its garageman's lien for repairs to the automobile, provided for by statute, has priority over the bank's (contract) *93 security interest inasmuch as the statute which conferred the garageman's lien for repairs did not expressly provide otherwise.
The appellee argues that the language of the opening paragraph of Part II of Chapter 713 (§ 713.50) should be construed as "expressly providing" that the garageman's lien for repairs shall not have priority over the contract lien of the bank because it accrued after the latter. We must reject that argument. What the statute there provides is that a lien conferred thereunder will be prior in dignity to other liens accruing thereafter. That provision is not inconsistent with the position taken here by the garageman. There is nothing in that section, or elsewhere in the statute creating the garageman's lien, which expressly provides that such a lien may not be superior to an existing "security interest," as distinguished from a labor and material lien conferred by statute.
On the other hand, section 679.9-310 expressly provides that a lien, such as the garageman's lien for repairs to the automobile in this case, acquired by "a person in the ordinary course of his business" on "goods subject to a security interest" is superior to the latter, subject only to the proviso that where the lien is statutory and the statute expressly provides otherwise, such priority will not exist. Since the proviso did not apply here, the clear intent of the statute (§ 679.9-310) that the garageman's lien shall have priority over the bank's security interest, must be observed.
This is the construction of that provision of the statute which has been favored in other jurisdictions. See Westlake Finance Company v. Spearmon, 64 Ill. App.2d 342, 213 N.E.2d 80; Corbin Deposit Bank v. King, Ky. 1961, 384 S.W.2d 302; Commerce Acceptance of Oklahoma City, Inc. v. Press, Okl. 1967, 428 P.2d 213; Manufacturers Acceptance Corporation v. Gibson, Tenn. 1967, 422 S.W.2d 435. Contra, Commonwealth Loan Co. v. Berry, 2 Ohio St.2d 169, 207 N.E.2d 545.
For the reasons stated, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] Paragraph 2 of the answer was as follows:

"The Defendant would further show that it has performed services upon said vehicle in the nature of engine overhauled, transmission overhauled, brakes completely relined, brake cylinders overhauled, repainted complete car, installed convertible (new) top, installed new carpets, front and rear, repairs made to convertible top mechanism, repairs made to automatic windshield wiper and repairs made to radiator, in the total amount of $1,511.56, and at the time of the execution of the Writ of Replevin and Summons, it was maintaining and holding a mechanic's possessory lien on said property for the value of the services performed upon the vehicle."
[2] "Priority of certain liens arising by operation of law.  When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."