In re Jerry Russell HAWKINS, Jr., Bobbie Jean Hawkins, Debtors.

Bankruptcy No. 2–90–01212.

United States Bankruptcy Court, S.D. Ohio, E.D.

May 29, 1991.

Jerry Russell Hawkins, Jr., Bobbie Jean Hawkins, Lloyd D. Cohen, Columbus, Ohio, for debtors.

Jerry G. Rank, Vice President, Etna Battery Co., Robert H. Snedaker, Columbus, Ohio, for Columbus Finance, Inc.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## OPINION AND ORDER ON OBJECTION TO CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Procedural Background*

This matter is before the Court after a hearing on the debtors' objection to the proof of claim of Etna Battery Company ("Etna"). For the reasons which follow, the debtors' objection to the secured status of Etna's claim is sustained and Etna's claim will be allowed only as unsecured for purposes of distribution in this Chapter 13 case.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

### II. *Facts*

Etna filed a proof of claim for repair work it performed on the debtors' 1984 Nissan Sentra Automobile ("Vehicle"). It is undisputed that the debtors owe Etna $1,078.95 for those repairs and Etna had the vehicle in its possession when this Chapter 13 petition was filed. Further, it is undisputed that Etna returned the Vehicle to Columbus Finance, Inc. ("Columbus"). Columbus had a security interest in the Vehicle which was noted on the certificate of title. Columbus has since sold the

Vehicle. The dispute, therefore, centers on whether Etna has an allowed secured claim or whether its claim is unsecured.

### III. *Issue Presented*

What are the relative priorities between the holder of a possessory artisan's lien and the holder of a prior security interest noted on a motor vehicle's certificate of title?

### IV. *Discussion*

Although Etna uses the term "mechanic's lien," any lien which Etna may have on the Vehicle is an "artisan's lien." In Ohio, most artisan's liens may be created by statute:

(A) Except as provided in division (E) of this section, a bailee for hire who performs services or provides materials with respect to any personal property, has a lien on the personal property to secure the reasonable value of the services he performs and the materials he provides. The lien shall be subject to prior recorded liens on the personal property....

\*   \*   \*   \*   \*   \*

(E) This section does not apply to a bailee for hire who performs any service or provides any materials with respect to motor vehicles, as defined in section 4501.01 of the Revised Code....

Ohio Rev.Code § 1333.41(A) and (E).

By its terms this statute does not apply to motor vehicles. Thus, any artisan's lien Etna may have is not a statutory lien, but is a common-law artisan lien.

Further, Ohio has adopted the Uniform Commercial Code which makes artisan's liens (either statutory or common law) superior to any previously perfected security interest in the goods. See Ohio Rev.Code § 1309.29 (U.C.C. § 9–310) which provides:

When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statu-

tory and the statute expressly provides otherwise.

Priority is given because the provider of materials and services enhances or preserves the property's value and thus also the secured party's position. U.C.C. § 9–310 comment 3.

The interplay of these statutory provisions is further complicated by Ohio Rev. Code § 4505.13 which provides:

(B) Subject to division (A) of this section, any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by the clerk of the court of common pleas on the face of the certificate of title, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants. All security interests, liens, mortgages, and encumbrances noted upon a certificate of title take priority according to the order of time in which they are noted on the certificate by the clerk.

The Ohio Supreme Court attempted to reconcile these three separate statutory provisions in *Commonwealth Loan Co. & Berry*, 2 Ohio St.2d 169, 207 N.E.2d 545 (1965). The syllabus of *Berry* holds:

The specific priority granted in Section 4505.13, Revised Code, to liens noted upon the certificate of title of a motor vehicle makes such liens valid against other liens and prevails over the general provision of Section 1309.29, Revised Code, relating to artisan's liens. (Sections 1309.29, 1333.41 and 4505.13, Revised Code, construed.

In Ohio the provisions of a specific statutory provisions prevail over more general provisions. *Andrianos v. Community Traction Co.*, 155 Ohio St. 47, 97 N.E.2d 549 (1951). Pursuant to *Berry* Ohio Rev. Code § 4505.13 grants *specific* priority to liens noted on motor vehicle certificate of title, and prevails over the more general provisions of Ohio Rev.Code § 1309.29. Thus, under Ohio law a subsequent artisan's lien on a motor vehicle cannot prime a lien noted on the certificate of title whether or not the party claiming the artisan's lien has possession of the vehicle. While Etna may have an common-law artisan's lien against the Vehicle, that lien is junior to the lien of Columbus which has been previously and properly noted on the Vehicle's certificate of title.

The Vehicle has been sold but the proceeds from that sale were insufficient to satisfy Columbus' claim in full. Accordingly, there is not value in the Vehicle to which Etna's claim could attach. Therefore, Etna has only a general unsecured claim in this case.

### V.  *Conclusion*

Etna has a common law artisan's lien against the Vehicle. Under Ohio law that lien is junior to the prior perfected lien of Columbus' which is noted on the Vehicle's certificate of title. Because the Vehicle was sold for less than the total debt owed to Columbus, Etna has only a general unsecured claim. Therefore, the Debtors' objection to the secured status of Etna's claim is sustained and Etna's claim of $1,078.95 is hereby allowed as a general unsecured claim.

IT IS SO ORDERED.