**In re Phillip Steven YOUNG, Kitty Kathleen Young, Debtors.**

**Bankruptcy No. 2–90–07515.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 1, 1992.

Lee C. Mittman, Columbus, Ohio, for debtors.

Randall J. Imwalle, Weltman, Weinberg & Assoc., Columbus, Ohio, for TransOhio Sav. Bank.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, of American Building Materials.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Charles M. Caldwell, Office of U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO PROOF OF CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations and Jurisdictional Statement*

This matter is before the Court upon an objection ("Objection") filed by Frank M. Pees, Chapter 13 trustee ("Trustee"), to the claim of TransOhio Savings Bank ("TransOhio"). The Objection seeks to have TransOhio's claim allowed as fully unsecured. TransOhio opposes the Objection. A hearing on this matter was held on May 6, 1991, at which time counsel for the Trustee, TransOhio and American Building Materials ("ABM") all appeared.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B), which this bankruptcy judge may hear and determine. For the reasons which follow, the Court will sustain the Objection.

### II. *Facts*

The relevant facts are essentially undisputed.

On June 14, 1990, the debtors refinanced a previous obligation owed to TransOhio. The purchase money security for the previous obligation was a 1984 Chevrolet conversion van. The debtors also granted TransOhio a security interest in the van in connection with the refinancing. The debtors received no additional funds under the June 14, 1990 transaction.

Pursuant to the refinancing, TransOhio's consensual lien was discharged on June 26, 1990, cancelled on July 11, 1990, and renotated on the van's certificate of title on July 26, 1990. On June 28, 1990, however, the Sheriff of Fairfield County, Ohio had taken possession of the van pursuant to a writ of execution from ABM.

The debtors filed their Chapter 13 petition on November 8, 1990, following which the sheriff returned the van to the debtors. The value of the van is insufficient to fully satisfy the claim of either TransOhio or ABM.

### III. *Issue Presented*

The sole issue before the Court is whether TransOhio's consensual lien, renotated on the van's certificate of title subsequent to the June 28, 1990 levy on behalf of ABM, enjoys priority over the lien of ABM.

### IV. *Legal Discussion*

At the outset, the Court notes the importance of distinguishing among three separate concepts, each of which is germane to chattel security law: creation of security interests, perfection of security interests, and priority of security interests vis-a-vis the rights of third parties. With these concepts in mind, the Court must start its analysis with the language of the relevant Ohio statutes. The Court believes that a rigorous analysis of those statutes requires a holding that ABM's lien has priority over the lien of TransOhio.

Ohio Revised Code § 4505.13(A)(1) provides in relevant part:

Sections 1309.01 to 1309.50 and 1701.66 of the Revised Code do not permit or require the deposit, filing, or other record of a security interest covering a motor vehicle, except as provided in division (A)(2) of this section.

Likewise, Ohio Revised Code divisions 1309.21(C)(2) and (D) provide in relevant part:

(C) The filing of a financing statement otherwise required by sections 1309.01 to 1309.50 of the Revised Code is not necessary or effective to perfect a security interest in property subject to:

\* \* \* \* \* \*

(2) The following statutes of this state: ... 4505.13 except to the extent provided in division (A) of such section.

\* \* \* \* \* \*

(D) Compliance with a statute ... described in division (C) of this section is equivalent to the filing of a financing statement under sections 1309.01 to 1309.50 of the Revised Code, and a security interest in property subject to the statute ... can be perfected only by compliance therewith....

The Court interprets the above-quoted provisions of Ohio Rev.Code §§ 4505.13 and 1309.21 together to provide that the common method of perfecting a consensual lien in personal property—filing a financing statement—is inapplicable in the case of motor vehicles.[1] As to motor vehicles, perfection of a consensual security interest can only be accomplished by notation on the vehicle's certificate of title.[2]

The Court's conclusion in this regard is bolstered by division (B) of Ohio Rev.Code § 4505.13, which states in pertinent part:

... any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by the clerk of the court of common pleas on the face of the certificate of title, is *valid* as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants (emphasis added).

The term "valid," although unfortunately inartful in the context of chattel security law, clearly means "perfected" here. One conclusion might be that valid means "created" or "attached." However, the concept of attachment pertains to the enforceability of a security interest as between the grantor and the grantee of such security interest. Given the list of third parties which follows the word "valid" in the statute, it is apparent that the legislature did not intend for "valid" to mean attach.

Instead, it is most logical to interpret "valid" to mean perfected. The concept of perfection pertains to enforceability of a security interest as to third parties, such parties as those following the word "valid" in the statute. To say that a security interest in a motor vehicle is "valid" or "perfected" as to third parties does not, however, state that such security interest has *priority* over such third parties.

■ The priority provision of Ohio Rev. Code § 4505.13 is found in the next sentence of division (B), which states:

All security interests, liens, mortgages, and encumbrances *noted upon a certificate of title* take priority according to the order of time in which they are noted on the certificate by the clerk (emphasis added).

This priority provision in Ohio Rev.Code § 4505.13 sets forth priorities only as to those security interests, liens, mortgages and encumbrances which are notated upon the certificate of title itself. Section 4505.-13(B) does not purport to establish relative priorities as between those creditors whose liens are notated on the certificate of title (such as TransOhio) and any other party who might claim rights in the motor vehicle (such as ABM).

Given that Ohio Rev.Code § 4505.13 is silent as to the priority issue presented in this case, where does the answer come from? Division (D) of Ohio Rev.Code § 1309.21 provides in relevant part that:

---

1. The term "motor vehicle" is defined in Ohio Rev.Code § 4505.01(2) to include "manufactured homes and recreational vehicles, and trailers and semitrailers whose weight exceeds four thousand pounds."

2. The Court believes that the provision in Ohio Rev.Code § 1309.21(D) that "a security interest in property subject to [Ohio Rev.Code § 4505.13] ... can be perfected only by compliance therewith" neither prohibits nor establishes the procedure for a creditor's obtaining and perfecting a non-consensual statutory lien against a motor vehicle. Ohio Rev.Code §§ 1309.21 and 4505.13 together merely establish the method for perfection of a consensual security interest in a motor vehicle. *See,* Ohio Rev.Code § 1309.02(A) and (B) ("Sections 1309.01 to 1309.50 of the Revised Code do not apply to statutory liens....").

Duration and renewal of perfection of a security interest perfected by compliance with the statute ... are governed by the provisions of such statute ...; in other respects the security interest is subject to sections 1309.01 to 1309.50 of the Revised Code.

In Chapter 1309 of the Ohio Revised Code, the priority issue is resolved by § 1309.-20(A)(2), which provides:

(A) Except as otherwise provided in division (B) of this section, an unperfected security interest is subordinate .to the rights of:

(2) a person who becomes a lien creditor before the security interest is perfected.

Under such provision, ABM's lien is entitled to priority over the lien of TransOhio.

The Court's analysis stated hereinabove does not violate the general rule of statutory construction that a special statutory provision which relates to a specific subject matter is controlling over a general statutory provision which might otherwise be applicable. Chapter 4505 of the Ohio Revised Code, undoubtedly a more specific statutory provision, controls only where its provisions conflict with the more general provisions of Chapter 1309 of the Ohio Revised Code. There is no such conflict here. Section 4505.13 sets forth priorities only as to creditors whose liens are notated on the motor vehicle's certificate of title. As to the relative priorities of those liens versus the non-consensual liens of other creditors which are not so notated, § 4505.13 is silent and the more general provisions of § 1309.20 apply. In short, § 4505.13 does not directly apply to the issue presented in this case; it is only a portion of the statutory terrain the Court must traverse to reach its conclusion.

The relevant Ohio precedent is found in *Commonwealth Loan Co. v. Berry*, 2 Ohio St.2d 169, 207 N.E.2d 545 (1965). In *Berry* the Ohio Supreme Court held that the more specific priority provisions of § 4505.13 control over the more general priority provisions of Chapter 1309 of the Ohio Revised Code. The Ohio Supreme Court found the priority provision of § 4505.13 to be the sentence in division (B) which makes a properly notated consensual security interest in a motor vehicle "valid" as against the parties specified in that division. Viewing that sentence as a *priority* provision (as opposed to a *perfection* provision as this Court concludes above), the Supreme Court perceived a direct conflict with the priority provision of Chapter 1309 at issue, there § 1309.29, and held that the specific provisions of § 4505.13 control. Were ABM's execution lien subsequent to TransOhio's notated lien, *Berry* would control and TransOhio would prevail. That is not the case, however. At the time ABM caused execution against the debtors' van, there was no lien noted on the title. This Court does not believe *Berry* was intended to affect the priority of an execution lien prior in time to a noted consensual lien. Accordingly, TransOhio's renoted lien is subject to the prior execution lien of ABM.

The Trustee's objection to the claim of TransOhio is therefore SUSTAINED.

IT IS SO ORDERED.