OPINION
Appellant Associates Commercial Corporation ("Associates") appeals the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee J. Clay Storage. The following facts give rise to this appeal. Appellant commenced this replevin action against Aaron Green, d.b.a. Green Trucking on July 14, 1998. At a hearing conducted before the trial court on September 30, 1998, the trial court granted Appellant Associates the right to immediate possession of five vehicles. At this hearing, it was revealed that the vehicles in question were in storage with Appellee J. Clay Storage. Subsequently, Appellant Associates filed an amended complaint and an additional motion for possession naming Appellee J. Clay Storage as a new defendant. The trial court conducted a replevin hearing, on the amended complaint and additional motion for possession, on February 25, 1999. The trial court denied Appellant Associates motion for possession as to Appellee J. Clay Storage. On April 15, 1999, the trial court granted summary judgment in favor of Appellee J. Clay Storage and denied Appellant Associates' motion for summary judgment. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, J. CLAY STORAGE.
 II. THE TRIAL COURT ERRED IN NOT GRANTING THE SUMMARY JUDGMENT MOTION OF PLAINTIFF-APPELLANT, ASSOCIATES COMMERCIAL CORPORATION.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignments of error.
 I, II
We will address appellant's two assignments of error simultaneously as both concern the trial court's grant of summary judgment on behalf of Appellee J. Clay Storage. Appellant maintains the trial court improperly granted summary judgment on appellee's behalf because the security interest in a vehicle takes priority over an artisan's lien. We agree. In granting summary judgment on behalf of Appellee J. Clay Storage, the trial court relied on a previous decision of this court: Superior Savings Credit Union v. Doerschuk (Dec. 29, 1986), Stark App. No. CA-6945, unreported. In the Superior Savings Credit Union case, this court held that an artisan's lien took priority over a security interest in a motor vehicle. In reaching this conclusion, the court referred to paragraph one of the official comment under R.C.1309.29, which reads, in pertinent part: "The purposes of this section are to provide that liens securing claims arising from work intended to enhance or preserve the value of the collateral take priority over an earlier security interest even though perfected." Based on this language, the court concluded the specific priority granted in R.C. 4505.13, to liens noted upon the certificate of title of a motor vehicle, do not make such liens superior to the artisan's lien. Id. at 2. We disagree with the earlier decision of this court and find the applicable law is contained in the case of Commonwealth Loan Co. v. Berry (1965),2 Ohio St.2d 169. In the Commonwealth case, the Ohio Supreme Court addressed the applicability of two statutes which we find apply in the case sub judice. The lien held by Appellee J. Clay Storage is an artisan's lien under R.C. 1309.29. This statute provides: When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, the lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the lien expressly provides otherwise. (Emphasis added.)
Appellant Associates has a security interest in the vehicles at issue. R.C. 4505.13(B) addresses this security interest: * * * any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by the Clerk of the Court of Common Pleas on the face of the Certificate of Title, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lien holders and claimants. In the Commonwealth case, the Ohio Supreme Court held:
 The specific priority granted in Section 4505.13, Revised Code, to liens noted upon the certificate of title of motor vehicle makes such liens valid against other liens and prevails over the general provision of Section 1309.29, Revised Code, relating to artisan's liens. Id. at syllabus.
In the matter currently before the court, the certificates of title specifically indicate Appellant Associates is the first lienholder. Accordingly, appellant's security interest in the vehicles takes priority over Appellee J. Clay Storage's artisan's lien. In its brief, appellee maintains it has a warehouseman's lien and not an artisan's lien. R.C. 1307.14(A) addresses a warehouseman's lien and provides, in pertinent part: "[a] warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation * * *." Black's Law Dictionary defines a "bailor" as "[t]he party who bails or delivers goods to another (bailee) in the contract of bailment. The transferor of goods under a bailment." Black's Law Dictionary (6 Ed. 1990) 142. In this matter, Aaron Green is the bailor because he delivered the vehicles to Appellee J. Clay Storage, the bailee. Therefore, under R.C. 1307.14(A), Appellee J. Clay Storage has a lien against Aaron Green, d.b.a. Green Trucking and not Appellant Associates. R.C. 1307.14(A) does not give Appellee J. Clay Storage a superior right to possession against Appellant Associates. Accordingly, we find the trial court should have granted Appellant Associates' motion for summary judgment and denied Appellee J. Clay Storage's motion for summary judgment. Appellant's First and Second Assignments of Error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.