[Cite as *Alb USA Auto, Inc. v. Modic*, 2013-Ohio-1561.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98914

---

# ALB USA AUTO, INC.

### PLAINTIFF-APPELLEE

vs.

# WILLIAM A. MODIC

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### VACATED AND REMANDED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2012 CVI 001056

**BEFORE:**  S. Gallagher, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**  April 18, 2013

**ATTORNEY FOR APPELLANT**

John M. Manos
739 East 140th Street
Cleveland, OH   44110


**FOR APPELLEE**

Alb USA Auto, Inc.
c/o Statutory Agent
3172 West 25th Street
Cleveland, OH   44109

SEAN C. GALLAGHER, P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, William A. Modic d.b.a. Bill's Automatic Transmission Service ("Modic"), appeals a money judgment entered against him in the Cleveland Municipal Court, Small Claims Division. Because we find the lower court lacked jurisdiction in this matter, we vacate the judgment and remand the matter with instructions to dismiss the action.

{¶2} In February 2010, plaintiff-appellee, Alb USA Auto, Inc. ("Alb USA"), sold a 2004 Saturn Vue to Latoya Franklin ("Franklin"). She paid $3,500 down and financed the balance with Alb USA. The title listed Alb USA as the first lienholder, as required under R.C. 4505.13(B) for security interests.

{¶3} In August 2010, a third party took the Saturn to Modic to be fixed at his auto repair shop, Bill's Automatic Transmission Service. Repairs were performed on the vehicle, which involved rebuilding the transmission. When Modic was unable to contact the third party to retrieve the vehicle, he found that Alb USA held a lien on it.

{¶4} Meanwhile, Franklin stopped making payments on the vehicle in September 2010. Alb USA attempted to repossess the Saturn because Franklin had an unpaid balance of $5,283.36. However, Alb USA was unable to locate the car.

{¶5} In January 2012, Modic sent a registered letter to Alb USA to advise that he had the Saturn in his shop. After receiving the letter, Ajar Emini ("Emini"), owner of

Alb USA, went to Bill's Automatic Transmission Service and contacted Modic. Modic refused to release the car unless Alb USA paid for storage fees. Modic and Emini engaged in further negotiations. Emini inspected the vehicle, which was missing "the transmission and other parts." The rebuilt transmission was not installed, and Emini did not believe he should have to pay any money owed to Modic for the repair work performed for Franklin. The parties were unable to reach an agreement for the release of the vehicle.

{¶6} Alb USA filed the instant action against Modic, alleging that "[d]efendant owes $5,000 for cost of [the] vehicle * * *." Attached to the statement of claim was the certificate of title, reflecting the vehicle was titled to Franklin and showing Alb USA as the first lienholder. Franklin's purchase agreement with Alb USA was also attached.

{¶7} Following trial, a magistrate found that Modic had converted the Saturn and awarded Alb USA $3,000, plus costs. Modic filed objections to the magistrate's decision, which the trial court overruled. The trial court entered judgment against Modic on March 30, 2012. Modic timely filed this appeal.

{¶8} Among the arguments made by Modic is that Alb USA did not set forth a claim for conversion but, rather, stated a claim for replevin. We find this issue is dispositive of the matter.

{¶9} In the statement of claim, Alb USA indicated that "all we wanted was the return of the vehicle * * * in the original condition with all parts intact. [Modic] can keep the vehicle but only if he agrees to pay a partial amount of the $5,283.36 that is still owed

to us [by Franklin] * * *." Thus, Alb USA effectively brought a replevin action to obtain possession of the vehicle.

{¶10} Alternatively, Alb USA sought to obtain a money judgment on a purchase agreement to which Modic was not a party in interest. This was nothing more than an attempt to transfer Franklin's debt to Modic. Franklin owed $5,283.36 on the vehicle to Alb USA. When Modic did not immediately release the car to Alb USA without being paid for the rebuilt transmission, Alb USA sued him for the "value" of the car as reflected in the approximate unpaid balance of Franklin's debt.

{¶11} Pursuant to R.C. 1925.02(A)(1) and (2)(a)(i), the jurisdiction of the small claims division is limited to $3,000, and there is no subject matter jurisdiction over claims for replevin. Whenever it appears that the court lacks subject matter jurisdiction, the court shall dismiss the action. Civ.R. 12(H); *see also Basinger v. York*, 4th Dist. No. 11CA2, 2012-Ohio-2017, 969 N.E.2d 797, ¶ 11. (When subject matter jurisdiction is lacking, the small claims division may not transfer the case to the regular docket.)

{¶12} Instead of dismissing the action, the small claims division wrongly "converted" this action to a conversion claim and reduced the monetary value of the claim to conform to the small claims division's jurisdiction. This court has previously stated:

> Where property can be returned, and the defendant has not acted in a
> manner inconsistent with the plaintiff's ownership rights, the appropriate
> remedy is replevin, not conversion. [Citations omitted.] Conversion
> involves an intentional exercise of dominion or control over property in a

manner which seriously interferes with another person's rights to dominion and control. Restatement of the Law 2d, Torts, §222A.

*Marthaller v. Kustala*, 8th Dist. No. 90529, 2008-Ohio-4227, ¶ 11.

{¶13} Franklin is still the legal holder of the title to the vehicle and, therefore, still has legal possession of the vehicle. Modic did not convert the ownership interest in the vehicle. Further, Modic did not impair Alb USA's interest in the vehicle. Despite Alb USA's claim that the "transmission and other parts were missing," a point relied upon by the magistrate, there was evidence that the transmission was actually repaired and Modic was seeking $1,100 for the rebuilt transmission and $450 in labor. This casts doubt on the claim that the transmission and "other parts" were missing. Also, there is nothing in the record to indicate that Modic had stripped or damaged the vehicle. In fact, the record only shows that he was repairing the vehicle.

{¶14} Further, although Modic should not have conditioned a release of the vehicle on Alb USA's paying for storage fees and the rebuilt transmission, Alb USA was seeking a return of the vehicle "with all parts intact." At best, the parties had a dispute concerning the condition in which the vehicle was to be returned; there was no conversion of the vehicle.

{¶15} This case was nothing more than a replevin action over which the small claims court lacked jurisdiction. Alb USA should have filed this action in the general division of the municipal court in order to obtain possession of the vehicle as the superior lienholder and to have a replevin order issued against Modic. Accordingly, we vacate

the judgment and remand the matter with instructions for the lower court to dismiss the action.  As this issue is dispositive of the matter, we need not address the remaining arguments raised on appeal.

**{¶16}** Judgment vacated; case remanded for dismissal.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, J., DISSENTING:

**{¶17}** I respectfully dissent because I believe Alb USA's "statement of claim" sets forth a viable claim for conversion.

**{¶18}** The majority concludes that Alb USA's statement of claim "effectively brought a replevin action to obtain possession of the vehicle."  In its "statement of claim," Alb USA alleges that after Franklin defaulted on her loan, it filed a complaint in

replevin to recover the vehicle from her, but was unable to locate the car. Thus, Alb USA was familiar with the appropriate use of replevin actions.

{¶19} However, in this action, Alb USA alleges that "all we wanted was the return of the vehicle * * * *in the original condition with all parts intact*." (Emphasis added.) However, it further alleges that not only was the transmission no longer installed in the vehicle, but other parts were missing. Thus, the value of the vehicle was diminished by virtue of its missing parts.

{¶20} The elements of a conversion claim include (1) plaintiff's ownership *or right to possession* of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages. *Dream Makers v. Marshek*, 8th Dist. No. 81249, 2002-Ohio-7069, ¶ 19. If the defendant came into possession of the property lawfully, the plaintiff must prove two additional elements to establish conversion: (1) that the plaintiff demanded the return of the property after the defendant exercised dominion or control over the property; and (2) that the defendant refused to deliver the property to the plaintiff. *R&S Distrib., Inc. v. Hartge Smith Nonwovens, L.L.C.*, 1st Dist. No. C-090100, 2010-Ohio-3992, ¶ 23. The measure of damages in a conversion action is the value of the converted property at the time it was converted. *Tabar v. Charlie's Towing Serv.*, 97 Ohio App.3d 423, 427-428, 646 N.E.2d 1132 (8th Dist.1994).

{¶21} Emini demanded the return of the vehicle. He even offered to pay $200 for Modic's labor in exchange for the car, despite the missing parts. However, Modic

refused to return the vehicle. Under these circumstances, a judgment in replevin and repossession of the vehicle would not compensate Alb USA for the diminution in value caused by missing parts. This is precisely why I believe Emini did not seek replevin, but requested $3,500.[1]

{¶22} Furthermore, there is no requirement that a plaintiff first exhaust his remedies in a replevin action before electing to sue for conversion. *Perez Bar & Grill v. Schneider,* 9th Dist. No. 11CA010076, 2012-Ohio-5820, ¶ 11. If the plaintiff can establish all the elements of conversion, he may pursue the conversion claim without regard to other potential remedies. *Id.*

{¶23} Alb USA held a security interest in the vehicle by virtue of its sale, which included financing, to Franklin. As the first lien holder, it had first priority to possession of the vehicle. When a secured party acquires a secured interest in a motor vehicle before a lien creditor, the secured party will have superior rights to the vehicle. R.C. 4505.13(B);[2] *Commonwealth v. Berry*, 2 Ohio St.2d 169, 207 N.E.2d 545 (1965). "[W]hen property is subject to a security interest, an exercise of dominion or control over the property that is inconsistent with the rights of the secured party constitutes, as to that

---

[1] The statement of claim states, in relevant part: "Defendant owes $5,000 for cost of vehicle. * * * He can keep the vehicle but only if he agrees to pay a partial amount of the $5283.36 that is still owed to us (he would pay approximately $3,500)."

[2] R.C. 4505.13(B) provides, in pertinent part: "[A]ny security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title or the clerk has entered a notation of the agreement into the automated title processing system and a physical certificate of title for the motor vehicle has not been issued, *is valid as against the creditors of the debtor.*" (Emphasis added.)

secured party, a conversion of the property." *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 511, 571 N.W.2d 294 (Neb.1997).

**{¶24}** As soon as Alb USA learned that the vehicle was in Modic's possession, it demanded its return. Modic refused to tender the vehicle, which now had the transmission and other parts missing. Therefore, I would find that the trial court properly found that Modic's possession of the vehicle constituted conversion and award money damages.

**{¶25}** I would also find that the trial court properly awarded judgment against Modic personally. The complaint identified Modic as an individual defendant, and he failed to assert that he was not the real party in interest in the trial court. The failure to name the real party in interest is a defense that is waived if not timely asserted. *Goldney v. Byrd*, 8th Dist. No. 88285, 2007-Ohio-1985, ¶ 22.

**{¶26}** Finally, I would find that Modic was not entitled to a possessory artisan's lien. Although Modic may be entitled to compensation from the party who requested his service, he is not entitled to compensation from Alb USA.

**{¶27}** Therefore, I respectfully dissent.