JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff Edward Alexander (appellant) appeals from the trial court's judgment awarding him damages against defendant Transmission by Bruce, Inc. (appellee) under the Ohio Consumer Sales Practices Act (OCSPA). After reviewing the facts of the case and pertinent law, we affirm in part, reverse in part, and remand for trebling of appellant's damages.
 I. {¶ 2} In November 2006, appellant called appellee because the reverse gear on his 1986 Chevrolet truck was not working properly. Appellant had his truck towed to appellee's, and appellee's employee, Ron Clark, gave appellant an oral estimate of $800 and three days to repair. At various times over the next week appellant called appellee and stopped in to request a written estimate or a contract for the work. At some point, appellant received a call from John Klosinski, another employee of appellee, to say that he had a used transmission that he could rebuild and install in appellant's truck. According to appellant, he did not respond to John, because he assumed that the used transmission was already installed in his truck.
 {¶ 3} When appellant picked up his truck from appellee, the work was completed, and he received an invoice for $913.75. Appellant paid this amount and took the truck. However, appellant alleges the truck now leaks oil, makes "clunking and grinding" noises, and has loose bolts and wires hanging from the transmission *Page 4 
area. Appellant further argues that he did not approve the transmission replacement; rather, he took the truck to appellee to repair the original transmission.
 {¶ 4} On January 8, 2007, appellant filed a complaint in the Parma Municipal Court, praying for damages of $2,000. On February 8, 2007, the court held a hearing, and on April 16, 2007, the court adopted the magistrate's decision and entered judgment for appellant in the amount of $913.75, plus costs and interest.
 II. {¶ 5} In his first assignment of error, appellant argues that "the trial court erred by failing to award treble damages as is permitted by the Ohio Consumer Sales Practices Act, thereby entering a judgment which is clearly against the manifest weight of the evidence."
 {¶ 6} Pursuant to R.C. 1345.02, a supplier shall not commit an unfair or deceptive consumer transaction. Additionally, R.C. 1345.09 states that a consumer may rescind the transaction or recover treble damages under two scenarios: 1) where the act was expressly declared deceptive or unconscionable by statute; or 2) where the act was expressly declared deceptive or unconscionable by a court and this decision has been available for public inspection. However, Ohio courts have held the following regarding awarding treble damages:
 "[W]hether treble damages should be awarded is a legal issue for the trial court; `the trial court is not free to exercise its sound discretion in fashioning a remedy appropriate to the facts.' A consumer who has been the victim of deceptive acts or practices may choose between *Page 5 
rescission or treble damages. When a plaintiff has made its election for damages and has met the prerequisites for treble damages under R.C. 1345.09(B), `the statute does not make it discretionary for a trial court to award either actual damages or treble damages.'"
Crow v. Fred Martin Motor Co., Summit App. No. 21128, 2003-Ohio-1293 (internal citations omitted). See, also, Whitaker v. M.T. Auto.,Inc., 111 Ohio St.3d 177, 2006-Ohio-5481; Grieselding v. Krischak, Lucas App. No. L-06-1010, 2007-Ohio-2668; Borror v. MarineMax of Ohio,Inc., Ottowa App. No. OT-06-010, 2007-Ohio-562.
 {¶ 7} In the instant case, the magistrate found, and the court adopted, the following: "[Defendant] violated 1345.02 R.C, Consumer Sales Practices Act, and multiple sections under OAC 109:4-3-13." Although not specified in the record, a review of OAC 109:4-3-13 shows that appellee violated section (A)(1), which makes it a deceptive consumer transaction for a motor vehicle to be serviced without a prior written estimate or work order authorizing the work to be performed without such estimate. See, also, Weaver v. Armando's Inc., Mahoning App. No. 02CA153, 2003-Ohio-4737. Appellant and appellee's representative, Ron Clark, testified that appellant requested, but did not receive, a written estimate until he picked up his truck after the repairs were completed. Accordingly, as the evidence shows an OCSPA violation that was declared deceptive pursuant to both OAC 109:4-3-13 and Weaver, supra, the municipal court was required to award appellant treble damages. Appellant's first assignment of error is sustained.
 III. *Page 6 {¶ 8} In his second assignment of error, appellant argues that "the trial court erred by failing to order the return of appellant's property as is permitted by the Ohio Consumer Sales Practices Act and the Ohio Administrative Code, thereby entering a judgment which is clearly against the manifest weight of the evidence." Specifically, appellant argues that appellee never asked him if he wanted his original transmission back.
 {¶ 9} "An issue raised for the first time on appeal is not properly before the reviewing court." Hayes v. Toledo (1989), 62 Ohio App.3d 651,655. A review of the record in the instant case shows that appellant did not make a claim for the return of his transmission at the trial court level. Appellant's statement of claim reads: "Plaintiff requests payment and refund for replacement of transmission plus court costs." In addition, a review of the hearing transcript shows that returning the transmission was not raised or argued by either party in open court. Accordingly, appellant's second and final assignment of error is overruled.
 {¶ 10} Judgment affirmed in part, reversed in part, and remanded for the limited purpose of trebling appellant's damage award.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR