The STATE of Ohio, Appellee,

v.

AMES Appellant.

[Cite as *State v. Ames*, 182 Ohio App.3d 736, 2009-Ohio-3509.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 08–CA–1742.

Decided July 17, 2009.

Margaret B. Hayes, Municipal Prosecutor's Office, for appellee.

Brent E. Rambo, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Jerry Ames, appeals from his conviction for theft in violation of R.C. 2913.02(A)(1). Ames contends that the conviction is not supported by the evidence and that he was improperly denied the assistance of counsel.

{¶ 2} We conclude that the state failed to present evidence sufficient to prove the elements of theft. Therefore, the judgment of the trial court is reversed, and Ames is ordered discharged as to that offense.

## I

{¶ 3} In early 2008, Ames contacted Larry Bubeck, the owner of North Star Auto Service, regarding problems with Ames's pickup truck. Bubeck towed the vehicle into his repair garage and subsequently performed repairs to the fuel pump and fuel filter. These services resulted in charges of $434.66. According to Ames, he did not authorize the repairs; he only authorized Bubeck to run a diagnostic check on the vehicle to determine what repairs were needed.

{¶ 4} Bubeck informed Ames that the repairs had been made and that Ames would need to make payment prior to the return of the truck. At some point, Ames's nephew removed the truck from the garage premises without Bubeck's knowledge or consent. No payment was made for the repairs, and eventually, Ames was charged with theft, in violation of R.C. 2913.02(A)(1).

{¶ 5} The charge was tried to the court without a jury. Ames was not represented by counsel. Following the trial, Ames was convicted as charged. From his conviction and sentence, Ames appeals.

## II

{¶ 6} Ames's first and second assignments of error state:

{¶ 7} "The trial court erred when it denied appellant's motion for acquittal because the state produced insufficient evidence to sustain a conviction for theft.

{¶ 8} "Defendant's conviction violates the Fourteenth Amendment to the United States Constitution because the state failed to prove beyond a reasonable doubt each element of its case."

{¶ 9} Ames contends that the trial court erred in failing to grant his Crim.R. 29(A) motion for judgment of acquittal, because the state failed to offer evidence sufficient to support the conviction.

{¶ 10} When reviewing the denial of a Crim.R. 29(A) motion, an appellate court applies the same standard used to review a sufficiency-of-the-evidence claim. *State v. Thaler*, Montgomery App. No. 22579, 2008-Ohio-5525, 2008 WL 4684367, at ¶ 14. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to * * * sustain the verdict as a matter of law." *State v. Wilson*, Montgomery App. No. 22581, 2009-Ohio-525, 2009 WL 282079, at ¶ 10. The proper question is whether any rational finder of fact, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis* (1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.

{¶ 11} R.C. 2913.02 provides:

{¶ 12} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶ 13} "(1) Without the consent of the owner or person authorized to give consent."

{¶ 14} The state's case hinges upon the claim that Bubeck had the right to retain possession of Ames's truck. This "right to retain possession of [the customer's vehicle] pending payment depends on his common law lien." *State v. Vitale* (1994), 96 Ohio App.3d 695, 702, 645 N.E.2d 1277, citing *Commonwealth Loan Co. v. Berry* (1965), 2 Ohio St.2d 169, 170, 31 O.O.2d 321, 207 N.E.2d 545. "When a garage owner provides repairs to a motor vehicle, unless the contract between the parties provides otherwise, the garage owner may retain possession of the motor vehicle as security for the value of the repairs." *Robinson v. Barry Equip. Co.* (July 23, 1982), Wood App. No. WD–82–10, 1982 WL 6512; *Shearer v. Bill Garlic Motors, Inc.* (1977), 59 Ohio App.2d 320, 322–324, 13 O.O.3d 331, 394 N.E.2d 1014. Thus, in addition to the elements listed in the statute above, the state was required that to prove that Bubeck had a "superior possessory right to the vehicle over [Ames's possessory right as] the registered owner in order for the repairs to be subject to theft." *Vitale* at 702, 645 N.E.2d 1277.

{¶ 15} At trial, Bubeck testified that Ames "wanted [him] to come out and pick [the truck] up and repair it." He further testified that he took the truck to his repair garage, but that he was not able to work on it for a week. Bubeck then testified that he put in a new fuel pump, fuel filter, and gasoline. Bubeck testified that he informed Ames that the repairs were complete and that Ames "could pick it up any time and that [the invoice] would have to be paid before [he] could hand [Ames] the keys." Finally, Bubeck testified that the truck disappeared from the lot without his consent.

{¶ 16} Ames testified that he asked Bubeck to run a "diagnostic" on the vehicle, but that he never authorized the repairs. He also demonstrated, and no one disputed, that Bubeck failed to provide him with a written estimate of the cost of repair. Following the close of his evidence, Ames started to request a dismissal of the charges, but the trial judge interrupted him and asked the state to present its closing argument. Thereafter, during his closing argument, Ames argued, though inartfully, the issue of whether Bubeck was entitled to assert a common law lien on the vehicle. In short, Ames raised the issue of whether the state had presented evidence sufficient to support the conviction.

{¶ 17} Pursuant to the Ohio Consumer Sales Practice Act ("OCSPA"), codified at R.C. Chapter 1345, and regulations enacted thereunder, it is a

deceptive consumer transaction for a motor vehicle to be serviced without a prior written estimate or work order authorizing the work to be performed without the estimate. *Alexander v. Transm. by Bruce, Inc.*, Cuyahoga App. No. 89908, 2008-Ohio-2029, 2008 WL 1903815, ¶ 7. Ohio Adm.Code 109:4–3–13(A)(1) requires that a consumer be given a form informing the consumer of the right to a written estimate when the costs of repairs exceeds $25.

{¶ 18} This court has recognized that it is an "unfair and deceptive practice under the OCSPA for a car mechanic or garageman to retain a common-law garageman's possessory lien on a motor vehicle after he has engaged in conduct [that] violates the Act" and that such violations can act to negate the mechanic's right to retain a possessory lien over the vehicle. *Mannix v. DCB Serv., Inc.*, Montgomery App. No. 19910, 2004-Ohio-6672, 2004 WL 2848921, ¶ 28, 29.

{¶ 19} The state did not present any evidence, other than the evidence cited above, to establish the validity of the claimed lien. Conversely, Ames, acting pro se, demonstrated that Bubeck failed to provide an estimate or any other written document or form. The state failed to refute this evidence. Furthermore, the trial court did not make any findings of fact, and we cannot conclude on this record that the trial court even considered the question of the validity of the common-law lien asserted by Ames.

{¶ 20} The state prosecuted this case as one involving the theft of services without consent. The state's theory is that Ames "deprived" Bubeck of the value of his services by taking back Ames's own truck, which Bubeck possessed, at most, as security for the payment of those services. If this case had been charged as theft of services by deception, under R.C. 2913.02(A)(3), and if the state had proved that Ames never had the intent to pay for services that he had ordered, the result of this appeal might be different.

{¶ 21} In this case, Ames allegedly obtained control of the *truck* without the consent of the possessor, Bubeck—a possessor who had no lien or interest beyond a mere bailment. Even if we were to accept the dissenting opinion in *Vitale*, 96 Ohio App.3d 695, 645 N.E.2d 1277, and find that this possession was sufficient to make Bubeck an "owner" under R.C. 2913.01(D), absent proof that the repair services had been accepted by Ames with the purpose not to pay for them, and without proper justification for not paying, there is insufficient evidence to convict Ames of theft of services without consent.

{¶ 22} We conclude that the state failed to present evidence sufficient to prove the existence of a common-law lien. Therefore, we conclude that the evidence in the record is insufficient to support the conviction. Ames's first and second assignments of error are sustained.

## III

{¶ 23} The third assignment of error provides:

{¶ 24} "Appellant was denied his Sixth Amendment right to representation under the United States Constitution."

{¶ 25} Ames contends that he did not waive his right to counsel and that he "expressed a desire to have an attorney present at the onset of his trial." He further claims that the trial court denied him the right to counsel.

{¶ 26} We find no merit to this claim. However, our disposition of the prior assignments of error renders this assignment of error moot. Accordingly, the third assignment of error is overruled as moot.

## IV

{¶ 27} Ames's first and second assignments of error having been sustained, the judgment of the trial court is reversed, and Ames is ordered discharged as to the theft offense with which this appeal is concerned.

Judgment reversed.

BROGAN and FROELICH, JJ., concur.