[Cite as *Marreez v. Jim Collins Auto Body, Inc.*, 2021-Ohio-4075.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| YEHIA MARREEZ, | : | APPEAL NO. C-210192 |
| | | TRIAL NO. 20CV-18967 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| JIM COLLINS AUTO BODY, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 17, 2021

*Yehia M. Marreez*, pro se,

*Becker & Cade,* and *Justin S. Becker,* for Defendant-Appellee.

**BERGERON, Judge.**

{¶1}    A minor fender-bender careened into a major collision after plaintiff-appellant Yehia Marreez dropped his car off for repair with defendant-appellee Jim Collins Auto Body ("Collins Auto").  At the insurance company's request, Collins Auto performed an initial inspection of the vehicle, an exercise that cost under $200.  The insurance company later backtracked, concluding that Mr. Marreez's policy would not cover the damage, leaving Collins Auto with unpaid labor charges for the initial inspection.  The trial court decided Mr. Marreez should have paid the inspection bill and granted Collins Auto a garageman's lien on the vehicle.  But Collins Auto failed to inform Mr. Marreez of his right to an estimate as required by the Ohio Consumer Sales Practice Act ("OCSPA"), a violation which negated its right to a possessory lien over the vehicle.  Accordingly, we reverse the trial court's judgment and remand for entry of judgment in favor of Mr. Marreez.

I.

{¶2}    After his car sustained front end damage during an automobile accident, Mr. Marreez submitted pictures and information to his insurance company, Allstate.  Allstate provided Mr. Marreez with a preliminary estimate of $470 and instructed him to take the vehicle and the estimate to a body shop for repair.  Mr. Marreez chose Collins Auto based on a previous positive experience with the mechanic there.  During the drop-off encounter, Collins Auto offered to interface directly with Allstate on Mr. Marreez's behalf.  At Allstate's behest, Collins Auto "tore down" the vehicle's front bumper to check for hidden damage and provided a supplemental estimate of $3,862.75 to Allstate.  Perhaps suffering from sticker shock from this nearly ten-fold increase in the estimate, Allstate subsequently determined

that the type of policy held by Mr. Marreez did not actually cover the damage at issue. It is undisputed that Collins Auto provided no up-front estimate to Mr. Marreez.

{¶3} The owner, Jim Collins, testified that this was an unusual situation in that Allstate mistakenly provided an initial estimate, leading both parties to believe the insurance company would foot the bill—including any fees for inspecting the vehicle. When the insurance company balked, Mr. Collins informed Mr. Marreez that he would need to cover the $160 inspection bill upon retrieval of the car. Mr. Marreez refused, believing he should not pay for Allstate's blunder, which precipitated jousting with Collins Auto over who bore responsibility for the charge. With no resolution in sight, Collins Auto claimed a right to retain the vehicle for the unpaid charges by virtue of a common law garageman's lien. After a trial before a magistrate, the trial court decided Collins Auto validly obtained a lien on the unpaid charges and denied Mr. Marreez's complaint for replevin. Mr. Marreez now appeals pro se raising six assignments of error. We overrule five of the six assignments of error for failure to advance a legal argument, but sustain his second assignment of error as it pertains to violations of the OCSPA.

II.

A.

{¶4} Pro se appellants such as Mr. Marreez are "presumed to have knowledge of the law and legal procedures" and will be "held to the same standard as litigants who are represented by counsel." *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10. In the interest of justice, we will consider all cognizable contentions presented but will not create an argument if a pro

3

se litigant fails to develop one. *Fontain v. Sandhu,* 1st Dist. Hamilton No. C-200011, 2021-Ohio-2750, ¶ 15. Under the Ohio Rules of Appellate Procedure, Mr. Marreez must support each assignment of error with citations to the authorities, statutes, and parts of the record relied upon. App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶5} Mr. Marreez's first, third, and fourth assignments of error fail to steer us to the parts of the record in dispute or provide any citations to applicable Ohio authority. His fifth assignment of error insists that the trial court erred in granting a motion for summary judgment, but no motions for summary judgment were tendered or granted in this case. His sixth assignment of error appears to advance a claim for damages for transportation costs incurred while he was without his vehicle, but he never presented this cause of action to the trial court, which precludes us from considering it on appeal. Because Mr. Marreez failed to develop an argument under the foregoing assignments of error, we are inclined to disregard them. App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."). To the extent that an argument is presented, we overrule all of these assignments of error.

B.

4

{¶6} In his second assignment of error, Mr. Marreez challenges the sufficiency of the evidence that led to the imposition of a common law lien on his vehicle. According to Mr. Marreez, Collins Auto violated the OCSPA when it failed to provide a written estimate of the repair cost beforehand. In his view, because this type of violation constitutes a deceptive consumer practice under Ohio law, it prevents Collins Auto from asserting a possessory lien over the vehicle. Collins Auto disputes this proposition, insisting that Mr. Marreez did not allege violations of the OCSPA in his complaint or before the trial court, and it characterizes those matters as waived. But Mr. Marreez's complaint for replevin specifically alleged a "Violation of Consumer Sales Practice Act" and also indicated "I do not have any oral or written contract with him to charge me for anything." Indeed, the entire thrust of his argument during the trial was that he never authorized Collins Auto to perform any repair or service and that he received no notice that he would be charged anything, as required by the OCSPA. Having found the issue properly preserved for appeal, we turn now to the substance of the matter at hand.

{¶7} As a threshold matter, however, Mr. Marreez failed to lodge objections to the magistrate's decision, waiving all but plain error. Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion."). Plain error includes " 'error[s] of law or other defect[s] evident on the face of the magistrate's decision' " that would prevent adopting the magistrate's decision, regardless of whether Mr. Marreez objected to the finding or conclusion. *See Mott v. Morgan*, 5th Dist. Delaware No. 21 CAG 02 0011, 2021-Ohio-3026, ¶ 20, quoting Civ.R. 53 (D)(4)(c). We acknowledge that

appellate courts must limit finding plain error in civil cases to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). This case presents such a situation.

{¶8} The OCSPA prohibits unfair or deceptive acts by suppliers in consumer transactions. R.C. 1345.02(A) ("No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."). The Ohio Attorney General enjoys broad power to promulgate substantive rules delineating acts or practices that violate the OCSPA. R.C. 1345.05(B)(2). One such rule issued by the Attorney General, Ohio Administrative Code 109:4-3-13, describes certain conduct that constitutes a deceptive act or practice when the supplier and consumer deal with each other face to face at the supplier's business. In such a transaction, and where the anticipated cost exceeds $50, it is a deceptive act for the supplier to service a motor vehicle without providing a form notifying the consumer of his right to an estimate. Ohio Adm.Code 109:4-3-13(A)(1) (A deceptive act occurs when, "prior to the commencement of the repair or service," a supplier fails to provide the consumer with a form which indicates "the anticipated cost of the repair or service."). The form must "clearly and conspicuously" disclose that the consumer has the right to either a written estimate, an oral estimate, or no estimate. *Id.* The rule emphasizes that "any failure to comply with the regulations is deemed a 'deceptive act or practice.' " *Ottney v. Al Sobb's Auto & Truck Frame Serv., Inc.,* 2018-Ohio-4054, 112 N.E.3d 927, ¶ 22 (6th Dist.).

6

{¶9}    In Ohio, a mechanic who receives a motor vehicle from a consumer for the purpose of repairing it has a common law lien on the vehicle for the reasonable value of the labor and materials.  *See* 66 Ohio Jurisprudence 3d, Liens, Section 8 (2021); *see also Justice v. Bussard*, 65 Ohio Law Abs. 461, 114 N.E.2d 305, 308 (M.C. 1953) ("A common-law lien is the right of a person to retain that which is in his possession, but belonging to another, until certain demands—usually payment for services and repairs—are paid by the owner." * * * "It has been consistently recognized in Ohio even though the legislature has never created such a lien."). While the General Assembly codified most artisan liens under R.C. 1333.41, that statute specifically excludes motor vehicles, which remain governed by the common law.  R.C. 1333.41(E); *Leesburg Fed. Sav. Bank v. McMurray*, 12th Dist. Franklin No. CA2012-02-002, 2012-Ohio-5435, ¶ 10 ("[A]rtisan's liens over motor vehicles remain governed by the common law.").  For this type of common law garageman's lien to arise, the service the mechanic performs "must be to maintain or enhance the value of the personal property." *Shearer v. Bill Garlic Motors, Inc.*, 59 Ohio App.2d 320, 322, 394 N.E.2d 1014 (6th Dist.1977).  Thus, a mechanic in Ohio "whose labor and skill impart additional value and improvement to an automobile has a common law lien upon the automobile until his reasonable charges are paid * * * [and] may lawfully retain possession of the automobile until those charges are paid." *Murphy v. Koepke Motors*, 8th Dist. Cuyahoga No. 47257, 1984 WL 5013, *5 (Mar. 29, 1984).

{¶10}    But when a mechanic violates the OCSPA by committing a deceptive or unfair act, Ohio courts recognize that "such violations can act to negate the mechanic's right to retain a possessory lien over the vehicle." *State v. Pawloski*, 188 Ohio App.3d 267, 2010-Ohio-3504, 935 N.E.2d 111, ¶ 19 (8th Dist.), citing *Mannix v.*

*DCB Serv., Inc.*, 2d Dist. Montgomery No. 19910, 2004-Ohio-6672, ¶ 29; *see State v. Ames*, 182 Ohio App.3d 736, 2009-Ohio-3509, 914 N.E.2d 1118, ¶ 19 (2d Dist.) (finding a common-law garageman's possessory lien invalid where mechanic failed to provide an estimate or form prior to making repairs). As applied here, Collins Auto committed a deceptive act when it failed to provide Mr. Marreez with the required OCSPA form during their initial contact informing him of the right to an estimate for any service or repair. As a result, Collins Auto cannot obtain a lien on the vehicle.

**{¶11}** The fact that Collins Auto incorrectly assumed Allstate would pay the inspection bill is no defense. Mr. Collins testified he does not consider initial estimates falling below a customer's deductible to be insurance claims because the customer pays the entire bill before insurance kicks in anything. At the time of drop-off, both parties believed Mr. Marreez's deductible to be $500. The original Allstate estimate was $470, below Mr. Marreez's deductible, so Mr. Collins had no initial reason to assume Allstate would pay—unless, of course, he anticipated that his estimate would exceed Allstate's. Mr. Collins took a calculated risk and lost when Allstate realized its mistake regarding Mr. Marreez's policy. But that gamble does not nullify Collins Auto's obligation to provide Mr. Marreez with an initial estimate before working on the car. And allowing Collins Auto to service Mr. Marreez's car and then decide after the fact what price, if any, to charge him is antithetical to the purpose and structure of the OCSPA. Because that type of conduct constitutes a deceptive practice, it prevents Collins Auto from obtaining a superior possessory right in the vehicle over Mr. Marreez. We accordingly sustain Mr. Marreez's second assignment of error.

\* \* \*

8

{¶12}   In light of the foregoing analysis, we reverse the trial court's judgment and remand for entry of judgment in favor of Mr. Marreez on his OCSPA claim.

Judgment reversed and cause remanded.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion