**[Cite as *Brown v. WLWT-TV 5 News*, 2024-Ohio-271.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TERRY BROWN, | : | APPEAL NO. C-230283 |
| | | TRIAL NO. A-2300373 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| WLWT-TV 5 NEWS/HEARST TELEVISION, | : | |
| | : | |
| SARAH M. HOUSEMAN, | : | |
| | : | |
| BARRON PECK BENNIE & SCHLEMMER, CO., LPA, | : | |
| | : | |
| and | : | |
| | : | |
| GREATER CINCINNATI AUTOMOBILE DEALERS ASSOCIATION, | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: January 26, 2024

*Terry Brown*, pro se,

*Faruki PLL, John C. Greiner* and *Darren W. Ford*, for Defendant-Appellee WLWT-TV 5 News/Hearst Television,

*Barron Peck Bennie & Schlemmer, Co., LPA, Sarah M. Houseman*, and *Charles L. Hinegardner*, for Defendants-Appellees Sarah M. Houseman, Barron Peck Bennie & Schlemmer Co., LPA, and the Greater Cincinnati Automobile Dealers Assocation.

**KINSLEY, Judge.**

{¶1} Plaintiff-appellant Terry Brown appeals from the trial court's dismissal of his complaint against defendants-appellees WLWT-TV 5 News/Hearst Television ("WLWT"), Sarah M. Houseman, Barron Peck Bennie & Schlemmer, Co., LPA, ("BPBS") and the Greater Cincinnati Automobile Dealers Association ("GCADA"). In his sole assignment of error, Brown argues the trial court erred in dismissing his claims as untimely. Because the one-year limitations period for Brown's claims of defamation, false light, and intentional infliction of emotional distress ("IIED") expired before he filed his complaint, we affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶2} Brown filed his complaint against appellees asserting claims of defamation, false light, and IIED on January 26, 2023. His claims arose from two reports published by WLWT in May 2016 and a motion for relief filed on January 23, 2020, in a previous case involving appellees. The May 2016 reports referenced criminal charges against Brown for threatening law enforcement. The January 23, 2020 motion for relief related to this court's prior decision, *Brown v. City of Cincinnati*, 2020-Ohio-5418, 162 N.E.3d 1274 (1st Dist.2020), which reversed and remanded in part the trial court's grant of summary judgment in favor of the city of Cincinnati as premature. Brown asserted that Houseman and BPBS refused to comply with this court's prior order.

{¶3} Appellees moved for dismissal based on the applicable statute of limitations. Houseman, BPBS, and GCADA further argued that the trial court lacked personal jurisdiction over them due to improper service and Brown's failure to serve the correct entity. In Brown's complaint, he notes that he was advised that he

improperly listed "Bureau of Motor Vehicles (BMV) Deputy Registrar License Agency #3159" as a defendant, when it was actually GCADA.

{¶4}   The trial court found that Brown's claims were time-barred and consequently dismissed his complaint, which he now appeals.

### *Standard of Review*

{¶5}   An appellate court reviews a dismissal pursuant to Civ.R. 12(B)(6) de novo. *Schmitz v. Natl. Collegiate Athletic Assn.*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 10. "Application of a statute of limitations presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of law." *Id.* at ¶ 11. "A court may dismiss a complaint as untimely under Civ.R. 12(B)(6) only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred." *Id.*

### *R.C. 2305.11(A)*

{¶6}   The trial court found that Brown's claims of defamation, false light, and IIED had to be brought within one year of the allegedly tortious conduct under R.C. 2305.11(A). Because Brown filed his complaint in 2023 and his claims arose in 2016 and 2020, the trial court concluded that his claims were time-barred.

{¶7}   But Brown hardly addresses the applicable statute of limitations on appeal. Though he makes a vague argument that the statute of limitations should be tolled due to the continuing violation doctrine, the rest of his arguments are largely unclear and irrelevant. "In the interest of justice, we will consider all cognizable contentions presented but will not create an argument if a pro se litigant fails to

develop one." *Marreez v. Jim Collins Auto Body, Inc.*, 1st Dist. Hamilton No. C-210192, 2021-Ohio-4075, ¶ 4. We therefore will not consider arguments raised by Brown that do not steer us to the relevant parts of the record or provide citations to applicable Ohio authority. *See id.* at ¶ 5.

{¶8} Resolution of Brown's assignment of error depends only upon our application of R.C. 2305.11(A) to his claims. Under R.C. 2305.11(A), a defamation claim, as well as a false light claim based on the same set of facts that support the defamation claim, are subject to a one-year statute of limitations. *Stainbrook v. Ohio Secretary of State*, 10th Dist. Franklin No. 16AP-314, 2017-Ohio-1526, ¶ 15, 27. Though claims for IIED are ordinarily subject to a four-year limitations period, such claims are instead subject to the same one-year limitations period for defamation claims when the essential character of an IIED claim consists of conduct that is in substance defamation. *Cleavenger v. B.O.*, 2022-Ohio-454, 184 N.E.3d 968, ¶ 16 (9th Dist.).

{¶9} Further, contrary to Brown's argument, the continuing violation doctrine does not toll the statute of limitations here. "The Supreme Court of Ohio has stressed that courts are very reluctant to use the continuing violation doctrine outside the Title VII context." *Cooper v. City of West Carrollton*, 2018-Ohio-2547, 112 N.E.3d 477, ¶ 40 (2d Dist.). Given that this doctrine is described in the administrative code sections relevant to Ohio's Civil Rights Commission, it would make little sense to apply it in other contexts.

{¶10} Brown bases his claims on the May 2016 WLWT reports and the January 23, 2020 motion for relief, which are well outside of the one-year limitations period in R.C. 2305.11(A) since he did not file his complaint until January 26, 2023. Moreover, Brown's claims for defamation, false light, and IIED all arise from the same

allegedly tortious conduct referenced in either the May 2016 reports or the January 23, 2020 motion for relief. Accordingly, the trial court correctly found that Brown's claims were time-barred and dismissed his complaint. We therefore overrule Brown's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.